IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

    v.

DEBORAH PERKINS,

Defendant.                Case No.   13-cr-30024-DRH-DGW

**PRELIMINARY ORDER OF FORFEITURE WITH RESPECT TO
CERTAIN PROPERTY OF DEBORAH PERKINS**

**HERNDON, Chief Judge:**

In the Indictment filed in the above cause on February 5, 2013, the United States sought forfeiture of property of defendant, Deborah Perkins, pursuant to 21 U.S.C. § 853(a). The court, upon consideration of the guilty plea received in this matter, hereby finds by a preponderance of evidence that the following property is forfeitable:

Real property located at 20 Kassing Drive, Fairview Heights, St. Clair County, Illinois, and all attachments, improvements, and appurtenances, more fully described as follows:

> That part of lot No. 113 of "Woodland Hills Parts of NE ¼ NW ¼ section 24 T. 2 N. R. 9W; 3rd P.M. St. Clair County, Illinois" being more particularly described as follows: commencing at an iron pipe that marks the Northeast Corner of said Lot 113; thence Westerly along the North line of said Lot 113 a distance of 90.55

**feet to a point; thence along a line deflecting 12 degrees 30 minutes to the right of the last described line a distance of 19.0 feet to an iron pin; thence continuing Westerly along the North line of said Lot 113 for distance of 58 feet to the point of beginning; thence continuing Westerly along the North line of said Lot 113 for a distance of 157.45 feet more or less to the Northeast corner of tract of land conveyed to Raymond S. Carr and Myrtle Jeaneet Carr, his wife, in joint tenancy by deed dated September 7, 1962, and recorded in Book 1806 Page 522; thence South along a line perpendicular to the last described line to a point on the South line of said Lot 113; thence Southeast along the Southeast line of said Lot 113 to the Southwest corner of tract of land conveyed to Kathleen I. Luna by Deed dated February 19, 1980 and recorded in Book 2511 Page 490, which point is 127.52 feet from the most Southerly corner of lot 113; thence North along the West line of said tract of land described in Book 2511 on Page 490, a distance of 149.51 feet; thence West along the South line of a tract of land conveyed to Claude C. Grisham, Lila M. Grishman, his wife Virginia E. Allen and Barry W. Kollme by Deed dated April 19, 1977 in Book 2418 Page 2357 a distance of 57.99 feet; thence North along the West line of said tract of land described in Book 2418 Page 2357 a distance of 189.00 feet to the point of beginning.**

**Permanent Index No. 02-24.0-205-076.**

The United States shall, under the authority of 21 U.S.C. § 853(n)(1), publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct, provide notice of the forfeiture and the right of persons other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

The notice shall state that the petition shall be set for a hearing to adjudicate

the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the release.

The United States may, also to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Order for Forfeiture, as the substitute for the published notice to those persons so notified.

Upon the filing of a petition alleging the third-party interests in the property, the court may amend this order to resolve the claimed third-party interests.

The United States Marshal may seize and reduce to his possession, if he has not already done so, the above-described property and shall have all rights set forth in the Stipulation and Agreement to Forfeiture filed in this cause on March 5, 2013 [Doc. 31].

This Order, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, shall become file with respect to Defendant Deborah A. Perkins at the time of the Defendant's sentencing, regardless of whether or not the rights of actual or potential third-party petitioners have been determined by that time. This Order shall be made part of the sentence of Defendant Deborah A. Perkins and shall be included in the Judgment imposed against said Defendant. This Order is a final order with respect to said Defendant, and this Order may be amended with respect to petitions filed by

third-parties claiming an interest in the subject-matter forfeited property.

This United States may, at its discretion, elect to proceed with the pending civil forfeiture action against this property in place of or in addition to this criminal forfeiture.

**IT IS SO ORDERED.**

Signed this 24th day of September, 2013.

David R. Herndon
2013.09.24
10:52:39 -05'00'

**Chief Judge**
**United States District Court**